FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

03 NOV 26  AM 11: 17

CLERK...
MIDDLE... FLORIDA
ORLA... FLORIDA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                      Case No: 6:03-cv-1696-Orl-28KRS

**$2,000.00 IN U.S. CURRENCY**

**$11,770.00 IN U.S. CURRENCY**

**$70,000.00 IN U.S. CURRENCY**

**$2,696.00, TOTAL VALUE OF NINE**
**MONEY ORDERS,**

    **Defendants.**

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff in this action, by and through its undersigned Assistant United States Attorney, in a civil cause for forfeiture *in rem*, and alleges upon information and belief:

## NATURE OF THE ACTION

This is an action pursuant to 18 U.S.C. § 983, to forfeit and condemn to the use and benefit of the United States of America certain funds, in accordance with 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c)(2).

## JURISDICTION AND VENUE

1. Plaintiff brings this action in rem, in its own right to forfeit and condemn the defendant property under 18 U.S.C. § 981. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to:

    a. 18 U.S.C. § 981, since the funds were located in the Middle District of Florida and the defendant funds were in the possession of Byron D. Hatcher, Kim C. Reinhart-Hatcher, and Harold G. Uhrig, bailee for Universal Asset Instituted, Ltd., and they reside or are located in Brevard and Seminole Counties, Florida, within the Middle District of Florida;

    b. 28 U.S.C. § 1395(a) since the instant civil action accrued in this judicial district; and

    c. 28 U.S.C. § 1395(b) since the defendant funds are located within the Middle District of Florida.

## THE DEFENDANTS IN REM

3. The defendants consists of the following properties:

    a. $2,000.00 in U.S. currency seized from a briefcase, IRS Seizure Number 65010158;

    b. $11,770.00 in U.S. currency located in vehicle, IRS Seizure Number 65010159;

    c. $70,000.00 in U.S. currency located in house safe, IRS Seizure Number 65010160; and

    d. $2,696.00, the total value of nine money orders located in house, IRS Seizure Number 65010163-01 through 09.

4.  That the defendant funds are within the district or will be during the pendency of this action.

5.  That the facts and circumstances, which support the forfeiture of the defendant real properties and personal property, is as follows:

The information provided below is based upon personal knowledge and upon information provided to Special Agent Vincent J. Lozowicki with the Internal Revenue Service, Criminal Investigation Division by other law enforcement officers and information garnered from documents and records reviewed by Special Agent Vincent J. Lozowicki:

a.  In February and March 2001, BAC Florida Bank, located in Miami, Florida, received three deposits, totaling more than $60,000.00 in sequentially numbered $500.00 money orders, from Leadenhall Bank, located in Nassau, Bahamas. BAC Florida Bank had an agreement with Leadenhall Bank to clear all United States issued checks, money orders, and currency deposited at Leadenhall Bank.

b.  Subsequent investigation disclosed that Byron Hatcher and Kim Reinhart, Hatcher's wife, purchased the money orders that were deposited in Leadenhall Bank and then cleared through BAC Florida Bank. The money orders were purchased with currency in Brevard County Florida area grocery and convenience stores. The $500.00 money orders were always purchased in increments just under the $10,000.00 currency transaction reporting ("CTR") requirement found in 31 U.S.C. § 5313(a) and 31 C.F.R. § 103.22. Multiple money orders were often purchased at different grocery and convenience stores on the same day.

c. On August 20, 2001, United States Magistrate Judge James G. Glazebrook issued a search warrant for Hatcher's residence located at 5685 South U.S. Highway 1, Suite A, Grant, Florida 32949. The search warrant was executed on August 24, 2001. Pursuant to the search warrant, $83,770.00 in currency and $2,696.00 in money orders were seized, for a total of $86,466.00.

d. In 2002, Hatcher began cooperating with the government and provided the following information relevant to this investigation. On or about 1997, Hatcher and Hal Uhrig, an Orlando area attorney, formed American Barristers, an asset protection business. Hatcher and Uhrig, through American Barristers, formed offshore corporations and trusts, opened offshore bank accounts, and opened offshore credit card accounts for their clients.

e. On or about January 2001, Eric Talkofsky, an existing client of American Barristers, contacted Hatcher to assist in receiving a purported $600,000.00 gift from Talkofsky's mother-in-law in Colombia, South America. Beginning on or about January 2001 and continuing on a periodic basis, approximately every four or five weeks, Hatcher met Carlos Perez, Talkofsky's brother-in-law, at the Orlando International Airport and received currency in $100,000.00 amounts, until a total of $600,000.00 was received.

f. Upon receiving the currency, Hatcher and his wife would convert the currency into money orders, intentionally keeping the purchases less than $10,000.00 at each location. Once converted, Hatcher deposited the money orders into accounts he controlled in Brevard County banks or flew to the Bahamas and deposited the money orders into an account he controlled at Leadenhall Bank. Once the funds

were deposited, Talkofsky instructed Hatcher on how the funds should be disbursed. A portion of the funds, approximately $300,00.00, was wire transferred to building contractors who made improvements to Talkofsky's home located in Swampscott, Massachussets. Approximately $100,000 was used to fund Talkofsky's offshore credit , and to purchase gifts for Talkofsky.

      g.     The $86,466.00 seized pursuant to the search warrant executed at Hatcher's residence came from funds Hatcher received from Carlos Perez, on behalf of Talkofsky. The $83,770.00 represented currency not yet converted to money orders. The $2,696 in money orders were purchased with currency received from Talkofsky.

      h.     Hatcher is a financial institution as that term is defined pursuant to Title 31, United States Code § 5312(a)(2). As a financial institution, Hatcher is required to file a CTR when he receives or transfers more than $10,000.00 in United States currency within 15 days of the transaction. Hatcher received $600,000.00 from Perez, on behalf of Talkofsky, in $100,000.00 increments, beginning on or about January 2001 and ending on or about August 2001. Hatcher was required to file a CTR for each $100,000.00 transaction. However, he intentionally failed to file CTRs. In fact, no CTRs were ever filed for any of the $100,000.00 transactions. Moreover, the purchase of the money orders was intentionally structured (divided into increments of less than $10,000.00) in order to avoid the filing of a CTR by the institutions selling the money orders.

6.  As set forth above, the defendant funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. 5317(c)(2) because they are traceable to property involved in transactions and attempted transactions in violations of 31 U.S.C. §§ 5313(a) (CTR requirement) and 5324(a)(structuring).

WHEREFORE, the plaintiff requests that the Court issue warrants and summons for the arrest and seizure of the defendant personal property; serve notice of this action, and any other person or entity who may claim an interest in the defendants; that the Court decree the condemnation and forfeiture of the defendants to the United States for disposition pursuant to law; and that the Plaintiff have such other and further relief as the case may require.

Respectfully submitted,

PAUL I. PEREZ
United States Attorney

By_____
**DANIEL W. ECKHART**
Assistant United States Attorney
Florida Bar No. 0488674
201 Federal Building
80 N. Hughey Avenue
Orlando, FL 32801
(407) 648-7500 - telephone
(407) 648-7643 - facsimile

## VERIFICATION

I, Vincent J. Lozowicki, Special Agent with the Internal Revenue Service, declare under penalty of perjury as provided by 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture In Rem, based upon reports and information provided to me in my official capacity and is true and correct to the best of my knowledge and belief.

Executed on this 6TH day of NOVEMBER, 2003, at Miami, Florida.

Vincent J. Lozowicki, Special Agent
Internal Revenue Service

N:\deckham\Forfeiture\06,455\p_complain2.wpd