# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

-vs-                                                          **Case No. 6:03-cv-1696-Orl-28KRS**

**$2,000.00 US, $11,770.00 US, $70,000.00 US,
$2,696.00 TOTAL VALUE OF NINE
MONEY ORDERS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION OF THE UNITED STATES OF AMERICA FOR DEFAULT JUDGMENT AS TO BYRON D. HATCHER (Doc. No. 22)** |
| **FILED:** | May 24, 2004 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    PROCEDURAL HISTORY.**

    This civil forfeiture action began when the United States filed a Verified Complaint for Forfeiture *In Rem* against three quantities of U.S. currency and a quantity of money orders. Doc. No. 1. In the Verified Complaint, the United States averred that Byron Hatcher and his wife purchased the defendant money orders with currency in increments just under the $10,000.00 currency

transaction reporting (CTR) requirements of federal law. *Id.* at 3.  During the execution of a federal search warrant at Hatcher's residence, law enforcement agents seized the defendant U.S. currency. *Id.* at 4.  Hatcher subsequently cooperated with law enforcement authorities.  He stated that he received large quantities of currency from a client, some of which he converted to money orders. *Id.* The United States alleged that Hatcher was a financial institution within the meaning of 31 U.S.C. § 5312(a), and that he was required to file a CTR for each receipt of currency in excess of $100,000.00, and that he intentionally failed to do so. *Id.* at 5.  Therefore, the United States asserted that the undeclared currency and money orders, traceable to the unreported currency transactions, was forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c)(2). *Id.* at 6.

The defendant currency and money orders were seized pursuant to arrest warrants issued by the Court.  Doc. No. 9, 10, 11, 12.  Thereafter, the United States provided notice of the lawsuit through publication.  Doc. No. 13; *see* Supplemental Rules for Certain Admiralty and Maritime Claims C(4) (Supplemental Rules).  The United States also personally served Hatcher, through his attorney, via certified mail.  Doc. No. 19, ex. 1.  Counsel for Hatcher received the complaint on February 3, 2004. *Id.*

Hatcher did not file a verified statement or an answer in response to the Verified Complaint. Accordingly, the Clerk of Court entered a default against Hatcher pursuant to a motion filed by the United States.  Doc. Nos. 18, 20.  The United States now seeks entry of a default judgment against Hatcher, forfeiting all right, claim or interest he may have in the defendant currency and money orders. (Doc. No. 22).  The motion for default judgment was served on Hatcher's attorney, but no response to the motion has been filed.

## II.    ANALYSIS.

Civil forfeiture proceedings brought under 18 U.S.C. § 981 are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *See, e.g.,* 18 U.S.C. § 981(b)(2)(A). Supplemental Rule C(6) sets forth the procedure for a person who claims an interest or right in the defendant property to assert a claim. The claimant must, within thirty days of service, file a verified statement identifying the claimed right or interest. Within twenty days after filing the verified statement, the claimant must serve an answer to the complaint.

In this case, Hatcher was served with the Verified Complaint by certified mail on February 3, 2004. He did not file a verified statement or an answer. Accordingly, pursuant to Fed. R. Civ. P. 55(a) and Middle District of Florida Local Rule 3.01(h), the United States sought, and the Court issued, a default against Hatcher.

Thereafter, pursuant to Fed. R. Civ. P. 55(b) and Middle District of Florida Local Rule 3.01(i), the United States filed a motion for default judgment. It was served on counsel for Hatcher, but no response has been filed. Hatcher having failed to assert a interest or claim in the defendant currency and money orders, and otherwise failing to contest the entry of a default judgment, entry of a default judgment as to his interests or claims in the defendant property is appropriate. *See, e.g., United States v. $82,685.53, More or Less in Proceeds from the Interlocutory Sale of 218 Cattle*, No. Civ. A. 99-0619-RV-C, 2000 WL 828080 (S.D. Ala. May 31, 2000).

## III.    RECOMMENDATION.

I respectfully recommend that the Court grant the Motion of the United States of America for Default Judgment as to Byron D. Hatcher (Doc. No. 22) and enter judgment accordingly. If the United

States has not already done so, it shall promptly furnish a proposed form of judgment to the presiding district judge.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 22, 2004.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy